**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO.: 1:09CV-125-M**

**OHIO RIVER TRADING CO., INC.** **PLAINTIFF**

**v.**

**CSX TRANSPORTATION, INC.** **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by the plaintiff, Ohio River Trading Co. Inc. ("Ohio River"), for a mandatory preliminary injunction [DN 1[1]]. Also before the Court is the plaintiff's motion for extension of time to file the affidavit of Greg Gould [DN 10]. Fully briefed, these motions are ripe for decision.

## I. BACKGROUND

Ohio River requests that this Court issue a preliminary injunction requiring the defendant, CSX Transportation, Inc. ("CSX"), to widen a private crossing that Ohio River uses for ingress and egress to and from a parcel of land that it leases from the Shackelfords. This is not the first time that this railroad crossing has been the subject of a federal lawsuit. In 1996, the Shackerfords' predecessors, the Powells, and their lessee, Patchwork Green,[2] sought an injunction to prevent CSX from removing the only crossing that gave them access to their land

---

[1] The plaintiff's motion was filed in the Todd Circuit Court and is attached to the defendant's notice of removal.

[2] Patchwork Green converted the land from a farm into an 18-hole golf course.

from U.S. Highway 41. Patchwork Green Enters., Inc. v. CSX Transp., Inc., No. 1:96-CV-117-M (W.D. Ky. Sept. 29, 2000). Now, Ohio River, the current lessee of the property, plans to develop a limestone quarry on the property. Before it can do so, however, Ohio River states that the crossing must be widened and made safer. According to Ohio River, it has been prevented from developing the quarry because CSX has not negotiated the crossing modification in good faith.

## II. DISCUSSION

The question before the Court is a narrow one. The Court must decide whether to order CSX, by way of a preliminary injunction, to widen the crossing at its own expense. In determining whether to issue a preliminary injunction, courts consider four factors: (a) whether the movant has a strong likelihood of success on the merits; (b) whether the movant would suffer irreparable injury without the injunction; (c) whether issuance of the injunction would cause substantial harm to others; and (d) whether the public interest would be served by the issuance of the injunction. Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007).

### A.

The first factor asks whether a plaintiff has "demonstrated a strong likelihood of success on the merits." Tenke, 511 F.3d at 543. To satisfy this burden, a plaintiff must show "more than a mere possibility of success" on the merits; he must raise "questions . . . so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." Id. (quotations omitted). In this case, Ohio River, relying solely upon

this Court's decision in Patchwork Green, contends that CSX is required to widen the crossing. However, its reliance on Patchwork Green is misplaced. In that case, CSX threatened to close the disputed crossing after the prior landowners prohibited CSX from constructing and installing a new crossing. Upon a motion for summary judgment, this Court found that CSX had only acquired an easement to the strip of land over which its tracks run. Pursuant to that finding, the Court further held that CSX had "the right to the reasonable use of its easement – the right to run its trains along the tracks." Patchwork Green, slip op. at 16. Similarly, the Court found that the landowners had "the right to use the crossing for ingress and egress to the golf course without interference from CSX." Id.

Ohio River contends that CSX, by refusing to widen the crossing and refusing to negotiate the crossing upgrade in good faith, is interfering with its right to ingress and egress as contemplated by the Patchwork Green decision. The Court disagrees. There is nothing in the Patchwork Green decision which requires CSX to widen the disputed crossing upon the request of the landowners. Nor does the decision require CSX to negotiate such modifications in good faith, if at all. The decision only found that CSX could not interfere with the landowners' rights, which, as applied to the facts of that case, meant that CSX could not close the only crossing that allowed the landowners to have access their property. Nothing in Patchwork Green supports Ohio River's argument. In its reply brief, Ohio River argues that, in the prior case, the issue of signalization was decided in its favor and that CSX, if it chose to install safety features, was responsible for its cost. In a subsequent Memorandum Opinion, however, see Patchwork Green, No. 1:96CV-117-M (W.D. Ky. Jan. 31, 2001), the Court

concluded that the issue of signalization had not been raised by the parties, that the issue should not have been decided, and struck that language from the decision. Ownership and the right to ingress and egress were the only issues decided by the Patchwork Green decision. Therefore, based only upon the narrow grounds articulated by Ohio River in its motion, the Court finds that Ohio River has no likelihood of success on the merits.

B.

Ohio River's failure to meet its burden on this factor is dispositive. Even if the Court were to find in favor of Ohio River on the remaining factors, such findings would not overcome its failure to show a likelihood of success on the merits. See Gonzales v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000) (finding it unnecessary to analyze the other factors because "a finding that there is simply no likelihood of success on the merits is usually fatal.") (citing Mich. State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997)). It may be that Ohio River has the right to widen the crossing at its own expense without having to sign a contract with CSX containing what it describes as "onerous" terms. But that issue is not before the Court. On the only issue that has been raised, the Court concludes that CSX in not required, by way of a mandatory preliminary injunction, to widen the crossing.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion by the plaintiff, Ohio River Trading Co. Inc., for a mandatory preliminary injunction [DN 1] is **DENIED**. The motion by the plaintiff for an extension of time to file the affidavit of Greg Gould [DN 10] is **GRANTED**. The affidavit shall be deemed filed as of October 27, 2009.

**Joseph H. McKinley, Jr., Judge**
**United States District Court**

November 16, 2009

cc: Counsel of Record